180 So.2d 708

**COLLECTOR OF REVENUE of State of Louisiana**

**v.**

**PIONEER BANK AND TRUST COMPANY et al.**

**No. 47878.**

Dec. 13, 1965.

Chapman L. Sanford, Emmett E. Batson, Cyrus A. Greco, Levi A. Himes, Baton Rouge, for appellant.

J. C. Smith, Shreveport, for defendant and appellee.

McCALEB, Justice.

This is a summary proceeding instituted by the Collector of Revenue for enforce-

ment of a deficiency assessment against Ben Beckham, Jr., appellee herein, for additional state income taxes for the year 1945 aggregating, with principal and interest, the sum of $10,762.87. The litigation originated against Pioneer Bank & Trust Company, Shreveport, Louisiana, which had on deposit to the tax-debtor's credit a sum exceeding the amount of the taxes and interest claimed by the Collector. This deposit was distrained by the Collector pursuant to R.S. 47:1569, 47:1570 and 47:1571.

In due course the bank appeared and alleged, inter alia, that Beckham had been notified by it of the levy on and distraint of his deposit and that it, being without interest in the funds in contest, desired to place the same in the Registry of the Court and be discharged from the proceeding. The judge issued an order in conformity with the prayer of the answer and the bank was accordingly dismissed from the case. Thereafter, Beckham appeared and filed special pleadings, viz., an exception of the three-year prescription provided by Article 19, Section 19 of the State Constitution; an alternative plea of unconstitutionality of all State statutes relied on by the Collector as a basis for interrupting or suspending the running of the constitutional prescription; and an answer reiterating, in substance, the plea of prescription and the alternative plea of unconstitutionality.

Following a hearing on a rule nisi, the exception of prescription was maintained. The judge accordingly dismissed the proceeding and ordered the Clerk of Court to pay Beckham the sum deposited in the Registry of the Court. The Collector has appealed from the adverse decision.

At the outset we notice, sua sponte, our lack of appellate jurisdiction of the case. Under the revision of appellate jurisdiction of this Court and the courts of appeal by amendment to Sections 10 and 29 of Article 7 of the Constitution provided for by Act 561 of 1958, adopted on November 4, 1958, the direct appellate jurisdiction of this Court has been limited to five classes of cases.

The first class (under which the Collector asserts jurisdiction here) extends to:

"1. Cases in which the constitutionality or legality of any tax, local improvement assessment, toll or impost levied by the state or by any parish, municipality, board or subdivision of the state is contested."

The case at bar does not involve the contitutionality or the legality of the income taxes the Collector seeks to recover herein. Beckham is not contesting the validity of the State income tax law; his main and only

defense is that the claim of the Collector is prescribed.

Nor does Beckham's alternative plea bring the case within the above stated class of direct appeals. For he is simply contending that, if the remedial statute or statutes (under which the Collector asserts that prescription has been suspended or interrupted) are held to be applicable, then those statutes are violative of the constitutional prescription which has been pleaded as a bar to the proceeding.

■ Ever since our 1952 decision in State Farm Mut. Automobile Ins. Co. v. Ott, 221 La. 1061, 61 So.2d 872, it has been the firmly established jurisprudence that the constitutional provision vesting this Court with jurisdiction of direct appeals, in all cases in which the constitutionality or legality of a tax is in contest, is restricted to those matters in which the validity of the statute or ordinance imposing the tax is questioned.

For the reasons assigned, it is ordered that this appeal be transferred to the Court of Appeal, Second Circuit, pursuant to the provisions of Article 2162, Code of Civil Procedure, the record to be filed in that Court by appellant within 30 days from the date on which this decree shall become final, otherwise, the appeal shall stand dismissed.