BOLIN, Judge.
The Louisiana Collector of Revenue has appealed from the upholding of an excep *653 tion filed in the District Court to the effect that income taxes based on an assessment, contested by the taxpayer but upheld by the Board of Tax Appeals, prescribed in three years from December 31 of the year in which the taxes became due.
This case was first appealed directly to the Supreme Court of Louisiana but was remanded to this court for further proceedings. (248 La. 571, 180 So.2d 708, 1965). In the judgment of the Supreme Court ordering the remand the reasons for such action were set forth as follows:
“Ever since our 1952 decision in State Farm Mut. Automobile Ins. Co. v. Ott, 221 La. 1061, 61 So.2d 872, it has been the firmly established jurisprudence that the constitutional provision vesting this Court with jurisdiction of direct appeals, in all cases in which the constitutionality or legality of a tax is in contest, is restricted to those matters in which the validity of the statute or ordinance imposing the tax is questioned.”
Clearly this was not the issue in the instant case as there was no question of the validity or legality of the tax.
No evidence was presented on the plea of prescription. Only the following facts are pertinent to the present case. On June 9, 1949, Ben Beckham, Jr., was assessed by the Collector for the sum of $6,546.47, representing additional income taxes for the year 1945 together with interest to the date of assessment.
Appellee timely filed a petition with the Board of Tax Appeals, in which he asked for a redetermination of the deficiency set forth by the Collector. The assessment was affirmed by the Board. No further action was taken by either party until some 15 years later.
On or about June 1, 1965 the Collector located a bank account belonging to appellee in the Pioneer Bank & Trust Company. The Collector immediately proceeded to distrain the said bank account under the provisions of Louisiana Revised Statutes 47:1569, 47:1570 and 47:1571.
The bank refused to honor the Collector’s levy and a summary proceeding was filed against the bank as provided by Louisiana Revised Statutes 47:1574. The bank then deposited the amount of the State’s claim in the registry of the District Court and was dismissed from the proceeding. Appellee was made a party defendant and the present litigation is between the Collector and the taxpayer, Ben Beckham, Jr.
Appellee filed both an exception of prescription and an answer. The exception was based on the fact the petition showed on its face the taxes sought to be collected are income taxes for the year 1945 and are therefore prescribed under Article 19, Section 19, of the Louisiana Constitution of 1921, as amended in 1938, which provides:
“ * * * all taxes and licenses, other than real property taxes, shall prescribe in three years from the 31st day of December in the year in which such taxes or licenses are due.”
The issue here presented appears to be res nova in Louisiana and involves a determination of the meaning and validity of Louisiana Revised Statutes 47:1579, 47:1580 and 47:1581, when viewed in the light of the constitutional provision set forth above, and Section 16, Article 19, 1921 Constitution, which provides as follows:
“Prescription shall not run against the State in any civil matters, unless otherwise provided in this Constitution or expressly by law.”
The pertinent statutes of Title 47 cited supra provide as follows:
“47:1579. There shall be no prescription running against any state tax, license, excise, interest, penalty or other charge levied under this Sub-title, except that ordained in the Constitution of Louisiana.
“46:1580. The prescription running against any state tax, license, excise, in-
*654 terest, penalty or other charge shall be interrupted by:
“(1) The collector’s action in assessing any such amounts in the manner provided by law;
“(2) The filing of a summary proceeding in court ;
“(3) The filing of any pleadings, either by the collector or by a taxpayer, with the board of tax appeals or any state or federal court; * * *

“47:1581. Any tax, penalty, interest, or other charges duly assessed under this Sub-title, being the equivalent of a judgment, shall not be subject to the running of any prescription other than such prescription as would run against a judgment in favor of the State of Louisiana in accordance with the Constitution and laws of this state; and the recordation of such assessment shall have the same effect as the recordation of a judgment.”
Since the case of Henwood v. Collector of Revenue (La.App., 1 Cir., 1951) 51 So.2d 105 (writs denied), it is clear the Legislature has authority to provide for an interruption of a constitutional prescription, not only by the filing of a suit in court but also by the method prescribed under Act 21 of 1934, that is, by the mailing of a notice of an alleged tax deficiency.
Nevertheless, once this “interruption”, by whatever means, is concluded the prescription provided for in the Louisiana Constitution commences to run anew. While it may be that Title 47, Section 1581 of the Louisiana Statutes dignifies an “assessment” by equating it with a “judgment”, nevertheless the assessment retains its identity as a tax claim. Therefore, under the quoted portion of Louisiana Constitution Art. 19, Sec. 19, the tax prescribed in three years from the date of the decision of the Board of Tax Appeals in 1950.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.