BARHAM, Judge.
This case was previously appealed to the Louisiana Supreme Court which, finding itself without jurisdiction, transferred that appeal to this Court, 248 La. 571, 180 So.2d 708. This Court then affirmed the district court’s judgment sustaining a plea of prescription, 186 So.2d 652. Writs were granted by the Supreme Court and after a hearing that Court annulled and reversed the judgments of the district Court and of this Court and remanded the case to the district Court for further proceedings, 250 La. 446, 196 So.2d 270.
The defendant had originally filed, in addition to the plea of prescription, a plea of unconstitutionality directed at LSA-R.S. 47:1401 et seq., contending that a board which is an agency of the executive department of the State is without constitutional power or authority to render a final judgment against him since such authority would be in contravention of Article 7 of the Louisiana Constitution of 1921. The prescription which was relied upon by plaintiff is provided by Article 19, Section 19 of the Louisiana Constitution of 1921, as amended in 1938.
The Supreme Court in, its opinion cited LSA-R.S. 47:1581, which provides:
“Any tax, penalty, interest, or other charges duly assessed under this Subtitle, being the equivalent of a judgment, shall not be subject to the running of any prescription other than such prescription as would run against a judgment in favor of the State of Louisiana in accordance with the Constitution and laws of this state; and the recordation of such assessment shall have the same effect as the recordation of a judgment.”
The Court states that under LSA-R.S. 47:1561:
“ * * * whenever one of these remedies is exerted to final conclusion and the tax assessment or judgment, as the case may be, becomes executory by distraint or otherwise, the status of the tax claim is thus transformed into an assessment or a judgment enforceable by seizure, garnishment or distraint.”
The Supreme Court finally concludes:
“Once an assessment of taxes has been made and has become final, either by reason of the tax debtor’s failure to appeal to the Board of Tax Appeals and thereafter to the courts, or, as here, by his failure to appeal to the courts from an adverse decision of the Board of Tax Appeals, the ‘assessment’ of the Collector or the ‘judgment’ of the Board of Tax Appeals or the court, in the event of appeal, the tax assessed is no longer a claim but an established liability which may be collected either by distraint or through judicial process as provided by R.S. 47:1574. Being a final assessment or a judgment, as the case may be, the constitutional prescription provided in Section 19 of Article 19 is irrelevant and were any prescription at all applicable it would be the one which applies to judgments. But the prescription applicable to judgments or final assessments cannot be invoked against the State. For Section 16 of Article 19 of the Constitution declares: ‘Prescription shall not run against the State in any civil matter, unless otherwise provided in this Constitution or expressly by law.’ And R.S. 47:1579 states ‘There shall be no prescription running against any state tax, license, excise, interest, penalty or other charges levied under this Sub-title, except that ordained in the Constitution of Louisiana.’
“Since the only prescription applicable to the collection of excise and license taxes provided for in the Constitution is the three-year prescription, which has been effectually interrupted in the case at bar, the plea of Beckham is not well founded and should have been overruled.”
The appellant herein, upon remand to the district court by the Supreme Court, *135 filed an amended plea of unconstitutionally which urged, in addition to the original plea, that LSA-R.S. 47:1580 and LSA-R.S. 47:1581 were unconstitutional in providing interruption of prescription by the action of the Collector of Revenue in the assessment of a tax or by a decision of the Board of Tax Appeals. Appellant contends that neither the Collector nor the Board of Tax Appeals, as legislative creations serving the executive department of the State of Louisiana, can render a “judgment”, which is a judicial function.
It is the contention of the appellant, and technically the contention is correct, that the Supreme Court did not declare the above statutes constitutional in its previous decision and that this Court must, therefore, pass upon their constitutionality.
The Supreme Court in its opinion, however, takes notice of the original plea of unconstitutionality and finally rests its decision upon a study and comparison of the constitutional provisions and the statute provisions and does equate a final “assessment” to a “judgment”, to-wit:
“Being a final assessment or a judgment, as the case may be, the constitutional prescription provided in Section 19 of Article 19 is irrelevant and were any prescription at all applicable it would be the one which applies to judgments.” (Emphasis supplied)
Impliedly, if not in fact, the Supreme Court has held that an executive arm of the government, i.e. the Collector of Revenue or the Board of Tax Appeals, may render a “judgment”.
The Supreme Court found good reason for supporting such a conclusion in footnote No. 2 wherein it states that any contrary holding would encourage fraud, relieve tax debtors of their obligation, and in general create “unseemly consequences.”
The judgment of the district court is affirmed at appellant’s cost.