McCALEB, Justice.
Plaintiff instituted this suit to recover $528.76, representing use taxes paid under protest to Jefferson Davis Parish School Board during 1966. These taxes were levied by the Parish School Board, pursuant to a parish sales and use tax ordinance which became effective January 1, 1966, on the use of a bulldozer and dragline which plaintiff had brought into Jefferson Davis Parish to fulfill a contract with Union Oil Company. The basis of the claim for a refund is that the Tax Administrator for the School Board acted illegally by applying retroactively, and in a discriminatory manner, the ordinance of the School Board. It is contended the tax is being assessed on the use of property brought into the Parish by nonresidents after January 1, *260 1966, whereas residents owning property which was already within the Parish on that date are not being taxed for the subsequent use thereof.
The trial judge sustained plaintiff’s position, holding that the tax was being unconstitutionally applied by the Parish School Board. The latter has appealed here from the adverse decision claiming the controversy is within our appellate jurisdiction inasmuch as the constitutionality and legality of the tax is involved. Plaintiff denies this, asserting the only question at issue is whether the tax may be constitutionally and legally applied to it and other nonresidents who bring movables acquired prior to January 1, 1966 into the Parish for use therein.
The point is well taken. Section 10 of Article 7 of the Constitution as revised by Act 561 of 1958, adopted on November 4, 1958, limits the direct appellate jurisdiction of this Court to five classes of cases. The first class (under which the Parish School Board asserts jurisdiction herein) extends to: '
“(1) Cases in which the constitutionality or legality of any tax, local improve*ment assessment, toll or impost levied by the state or by any parish, municipality, board or subdivision of the state is contested; * * * ”
Plaintiff does not contend that the sales and use tax levied by the Parish School Board is illegal or unconstitutional, or that the ordinance under which it was adopted is ultra vires or otherwise illegal. And the district judge did not rule the tax itself unconstitutional or illegal; he simply adjudged that the action of the tax collector, in attempting to apply this tax to plaintiff, was null and void. We have many times held that where the tax itself is not assailed as an illegal or unconstitutional tax and only its application to the particular activity or subject matter is involved, this Court is without appellate jurisdiction.[1]
For the reasons' assigned it is 'ordered that this appeal be transferred to -the Court of Appeal, Third Circuit, pursuant'to the-provisions of Article 2162, Code of Civil Procedure, the record to b.e filed in that court by appellant within thirty days from the date on which this decree shall become final, otherwise the appeal shall stand dismissed.

. In Collector of Revenue v. Pioneer Bank & Trust Co., 248 La. 571, 180 So.2d 708 (1965), we said:
“Every since our 1952 decision in State Farm Mut. Automobile Ins. Co. v. Ott, 221 La. 1061, 61 So.2d 872, it has been the firmly established juris-prudence that the constitutional provision vesting this Court with jurisdiction of direct appeals, in all cases in which the constitutionality or legality of a tax is in contest, is restricted to those matters in which the validity of the statute or ordinance imposing the tax is questioned.