218 So.2d 323

## COLONIAL PIPELINE CO.

v.

### Ashton J. MOUTON, Collector of Revenue.

No. 49541.

Jan. 20, 1969.

John B. Levy, Emmett E. Batson, Cyrus A. Greco, Baton Rouge, Huey H. Breaux, Lafayette, Carl E. Cooper, Albert S. Rose, New Orleans, for defendant-appellant.

R. Gordon Kean, Jr., John V. Parker, of Sanders, Miller, Downing & Kean, Baton Rouge, for plaintiff-appellee-mover.

SANDERS, Justice.

This is a suit for a refund of corporation franchise taxes[1] paid under protest. Before us is a motion of Colonial Pipeline Company to dismiss the appeal on the ground this Court is without appellate jurisdiction. Opposing the motion, the appellant relies upon Article VII, Section 10, subpar. (1) of the Louisiana Constitution, which grants this Court appellate jurisdiction in:

"Cases in which the constitutionality or legality of any tax, local improvement assessment, toll or impost levied by the state or by any parish, municipality, board or subdivision of the state is contested;"

The question presented is whether this case is one in which the constitutionality or legality of a tax is contested as required by the jurisdictional provision.

Colonial is a Delaware Corporation, allegedly engaged in interstate commerce as a common carrier of refined petroleum products through its pipeline system spanning Louisiana and other states. In its petition, Colonial alleged:

"Petitioner now shows that the Collector was and is in error in construing the above quoted section of the Revised Statutes as levying a tax upon petitioner because the statute does not impose any tax for the privilege of engaging exclusively in interstate commerce, and any such interpretation would be contrary to the terms and wording of the statute, as well as the purpose and intent of the Louisiana Legislature in enacting it, and the jurisprudence of this State in construing the statutory provisions in question."

Alternatively, Colonial alleged that should the statute be construed as levying a tax upon it, the tax imposition was null and void because it violated the Commerce Clause[2] of the United States Constitution and the Due Process Clause[3] of the Louisiana Constitution.

After trial, the district court rendered judgment in favor of Colonial for the amount of the tax paid under protest with interest and costs. The district court held: "* * * [T]he imposition of this tax to facts found in this case is unconstitutional in that it violates the commerce clause of the Constitution of the United States."

1. LSA–R.S. 47:601.
2. Art. I, Sect. 8, Clause 3.

3. Art. I, Sect. 2.

It is now well settled that the constitutional grant of jurisdiction as to taxes confers upon this Court jurisdiction only when the validity of the tax statute itself is contested. When only the application of the tax to the particular subject matter is assailed, this Court is without appellate jurisdiction. D & A Construction Company v. Jefferson Davis Parish Sch. Bd., 251 La. 257, 203 So.2d 712 (1967); Collector of Revenue v. Pioneer Bank & Trust Co., 248 La. 571, 180 So.2d 708 (1965); State Farm Mut. Automobile Ins. Co. v. Ott, 221 La. 1061, 61 So.2d 872 (1952).

The matter contested here is the application of the tax to the subject matter. The petitioner contended that the tax had no application to it, and the district court held that the *imposition* of the tax on petitioner was null and void.

In D & A Construction Co. v. Jefferson Davis Parish Sch. Bd., supra, under similar circumstances, this Court rejected jurisdiction. In that case, the trial court, sustaining the taxpayer's position, held that the tax had been unconstitutionally applied by the Parish School Board. In transferring the appeal, we said:

"Plaintiff does not contend that the sales and use tax levied by the Parish School Board is illegal or unconstitutional, or that the ordinance under which it was adopted is ultra vires or otherwise illegal. And the district judge did not rule the tax itself unconstitutional or illegal; he simply adjudged that the action of the tax collector, in attempting to apply this tax to plaintiff, was null and void. We have many times held that where the tax itself is not assailed as an illegal or unconstitutional tax and only its application to the particular activity or subject matter is involved, this Court is without appellate jurisdiction."

See also Collector of Revenue v. Pioneer Bank & Trust Co., supra.

Recognizing the force of this jurisprudence, the Collector of Revenue attempts to distinguish the present case on the ground the petitioner relies upon the federal constitution to limit the application of tax, whereas, in the former cases, the taxpayers relied upon the state constitution. We note initially that the proposed distinction is factually inaccurate. The present petitioner relies upon the state constitution, as well as the federal constitution. Moreover, we see no legal basis for making such a distinction. As in the cases relied on, petitioner challenges the application of the tax to it, rather than the validity of the statute imposing the tax.

We conclude this Court is without appellate jurisdiction. Under Article 2162 of the Louisiana Code of Civil Procedure, we are authorized to transfer the case to the proper Court of Appeal; we shall do so in order to safeguard the appeal.

For the reasons assigned, it is ordered that this appeal be transferred to the Court of Appeal, First Circuit, the record to be filed in that court by the appellant within thirty days from the date on which this decree shall become final, otherwise the appeal shall be dismissed.