BLANCHE, Judge.
Plaintiff, Ortlieb Press, Inc., is a Louisiana corporation doing business in the City of Baton Rouge. On November 26, 1968, the Department of Revenue of the State of Louisiana assessed plaintiff with a sales tax and a use tax which was paid by plaintiff under protest on May 1, 1969. On May 26, 1969, the plaintiff filed suit against the Collector of Revenue to have the foregoing assessment declared invalid and to recover the amounts which it claims had been erroneously assessed.
The Collector answered the suit and filed exceptions to defeat the action on the grounds that plaintiff had failed to appeal timely from the tax assessment and that as a result thereof the notice of the validity of the assessment had become final, and therefore, plaintiff was precluded from the right of making payment under protest and filing suit for recovery.
The trial court never acted upon these exceptions, as subsequently, the Collector filed a motion for summary judgment on the same grounds. This motion was granted by the trial judge.
We reverse.
Relying on the provisions of R.S. 47:1565, the Collector contends that plaintiff neither paid nor appealed the assessment to the Board of Tax Appeals within sixty days as required by the foregoing provision and that, accordingly, the assessment had become final.
R.S. 47:1565 provides:
“Having assessed the amount determined to be due, the collector shall send by registered mail, a notice to the taxpayer against whom the assessment lies, at the address given in the last report filed by said taxpayer, or if no report has been filed, to any such address as may be obtainable. This notice shall inform the taxpayer of the assessment made against him and notify him that he has sixty calendar days from the date of the notice, within which either to pay the amount of the assessment or to appeal to the board of tax appeals for a re-determination of the assessment. All such appeals shall be made in the manner set out in Chapter 17, Sub-title II of this Title.
“If at the expiration of the delay of sixty calendar days the taxpayer has not filed an appeal with the baard of tax appeals, the assessment shall be final and shall be collectible by distraint and sale as is hereinafter provided. If an appeal to the board of tax appeals for a rede-termination of the assessment has been filed, the assessment shall not be collectible by distraint and sale until such time as the assessment has been redetermined or affirmed by the board of tax appeals or the court which last reviews the matter.” [This provision has since been amended to shorten the period from sixty to thirty days by Act No. 58 of 1971.]
The Collector then argues that the word “final” is a clear and unambiguous word and the jurisprudence of the state supports the idea that “once an assessment of taxes * * * has become final * * * the tax assessed is no longer a claim but an established liability.” It has been stated in Collector of Revenue v. Pioneer Bank and Trust Company, 250 La. 446, 196 So.2d 270 (1967), that:
“Once an assessment of taxes has been made and has become final, either by reason of the tax debtor’s failure to appeal to the Board of Tax Appeals and thereafter to the courts, or, as here, by his failure to appeal to the courts from an adverse decision of the Board of Tax Appeals, the ‘assessment’ of the Collector or the ‘judgment’ of the Board of Tax *87 Appeals or the court, in the event of appeal, the tax assessed is no longer a claim but an established liability which may be collected either by distraint or through judicial process as provided by R.S. 47:1574. Being a final assessment or a judgment, as the case may be * * * ” (Collector of Revenue v. Pioneer Bank and Trust Company, 196 So.2d 270, 273-274)
Further relied on to support this position is the following provision of R.S. 47:1581, “Any tax, penalty, interest, or other charges duly assessed under this Subtitle, being the equivalent of a judgment * *
On the other hand, the plaintiff states that R.S. 47:1561 provides three alternative methods for the collection of taxes. R.S. 47:1561 provides as follows:
“In addition to following any of the special remedies provided in the various Chapters of this Sub-title, the collector may, within his discretion, proceed to enforce the collection of any taxes due under this Sub-title, by means of any of the following alternative remedies or procedures:
“(1) Assessment and distraint, as provided in R.S. 47:1562 through 47:1573.
“(2) Summary court proceeding, as provided in R.S. 47:1574.
“(3) Ordinary suit under the provisions of the general laws regulating actions for the enforcement of obligations.
“The collector may choose which of these procedures he will pursue in each case, and the counterremedies and delays _.to which the taxpayer will be entitled will be only those which are not inconsistent with the proceeding initiated by the collector; provided that in every case the taxpayer shall be entitled to proceed under R.S. 47:1576 except after he has filed a petition with the board of tax appeals for a redetermination of the assessment, and except when there is pending against him a suit involving the same tax obligation; and provided further, that the fact that the collector has initiated proceedings under the assessment and distraint procedure will not preclude him from thereafter proceeding by summary or ordinary court proceedings for the enforcement of the same tax obligation.”
It is further argued that even though the statute provides that the counter remedies and delays which are consistent with the chosen procedure may be used by the tax debtor in an attempt to delay the collection of the tax; nevertheless, the last clause of that same provision gives the tax debtor the right in every case to proceed under the provisions of R.S. 47:1576, which is the provision permitting payment of the tax under protest with the right to file suit thereon thirty days from the date of such payment. R.S. 47:1576, in part, provides:
“A right of action is hereby created to afford a remedy at law for any person aggrieved by the prohibition of courts restraining the collection of tax, penalty, interest or other charges imposed in this Sub-title. The person resisting the payment of any amount found due by the collector, or of enforcement of any provisions of this Sub-title, shall pay the amount found due to the collector and at that time shall give the collector notice of his intention to file suit for the recovery thereof. Upon receipt of this notice, the amount paid shall be segregated and held by the collector or his duly authorized representatives for a period of thirty days. If suit is filed within the thirty-day period for the recovery of such amount, the funds segregated shall be further held pending the outcome of the suit. If the person prevails, the collector shall refund the amount to the claimant, with interest at the rate of 2% per annum covering the period from the date said funds were received by the collector to the date of refund.
*88 “This Section shall afford a legal remedy and right of action in any state or federal court having jurisdiction of the parties and subject matter, for a full and complete adjudication of any and all questions arising in the enforcement of this Sub-title, as to the legality of any tax accrued or accruing or the method of enforcement thereof. In such action, service of process upon the collector shall be sufficient service, and he shall be the sole necessary and proper party defendant in any such suit.”
The only restrictions we have found on the taxpayer’s right to pay under protest are set forth in R.S. 47:1561. These exceptions include (1) the filing of a petition with the Board of Tax Appeals for a rede-termination of the assessment and (2) the pendency of a suit against the taxpayer involving the same tax obligation. Neither of these exceptions is applicable here.
The provision of R.S. 47:1565 setting forth the taxpayer’s right to appeal the assessment made thereunder to the Board of Tax Appeals for a redetermination dovetails with the provision in R.S. 47:1561 which denies the taxpayer the right to proceed under the provisions of R.S. 47:1576 if he has appealed to the Board of Tax Appeals.
We view the statutes as giving the taxpayer two remedies if he does not pay. One is to the Board of Tax Appeals and in the event of an adverse decision to a court having appropriate jurisdiction, and the second is under R.S. 47:1576 to pay under protest and to file suit for recovery thereof. However, this latter right to pay under protest is denied to him if he elects to have the Board of Tax Appeals make a re-determination of the assessment made by the Collector. In any event, we believe the Legislature intended to give the taxpayer his day in court regardless of the procedure utilized by the Collector to collect the tax.
The construction that the taxpayer is bound to pay under protest within the sixty-day limitation provided in R.S. 47:1565 would place an additional restriction on this right when the Legislature has specifically enumerated only two exceptions as heretofore noted.[1] There is no sixty-day limitation on that right but, to the contrary, only a thirty-day limitation after making payment under protest. The Collector submits that should we interpret the application of the statute as permitting a redetermination of taxes after the assessment has become final that this interpretation would render the assessment and dis-traint procedure enacted by the Legislature completely meaningless and that he would be forced into filing lawsuits against tens of thousands of Louisiana residents each year in order to accomplish his delegated duty of collecting taxes.
This argument fails to reconcile the remedies afforded the Tax Collector to collect the taxes with those given to the taxpayer to resist the collection of such taxes. The clearly stated right given him to pay the tax thereon under protest and file suit for recovery of the amount thus paid is wholly separate and apart from the procedures utilized by the Collector to collect the taxes and is available to the taxpayer regardless of which procedure the Tax Collector utilizes. Any other construction would render meaningless that provision giving the taxpayer the right “in every case * * * except” to pay under protest and *89 sue for recovery of the amount thus paid. In our opinion, the right to challenge the final assessment made by the Tax Collector exists as a right of the taxpayer under R.S. 47:1576 even after enforcement proceedings by distraint are instituted by the Tax Collector.
We are reinforced in this position when we consider the following language contained in R.S. 47:1576:
“A right of action is hereby created to afford a remedy at law for any person aggrieved by the prohibition of courts restraining the collection of tax, penalty, interest or other charges imposed in this Sub-title. The person resisting the payment of any amount found due by the collector [the assessment], or of enforcement [distraint] of any provisions of this Sub-title, shall pay * *
Lastly, we consider the Tax Collector’s argument that an assessment made by him under the assessment and distraint provisions, particularly R.S. 47:1565, is a final judgment if not appealed to the Board of Tax Appeals within sixty days and, being a final judgment, is an indebtedness to the State which the Legislature is powerless to release, citing Louisiana Constitution, Article 4, Section 13.
We do not agree with the Collector’s argument that “final” as used in R.S. 47:1565 means non-reviewable and non-ap-pealable in this instance. We believe that “final” in this case means an assessment becomes due, collectible and enforceable by the Collector in any manner authorized by law, subject to the taxpayer’s right in every case to pay under protest excepting those instances expressly excluded in Section 1561, namely, where the taxpayer has appealed or where the Collector has instituted suit on the same tax obligation. Any other construction would effectively deprive the taxpayer of the right granted in Section 1561 to proceed “in every case” pursuant to Section 1576 which provides “a legal remedy * * * for a full and complete adjudication of any and all questions arising * * * as to the legality of any tax accrued or accruing or the method of enforcement thereof.” The right to pay under protest is a specifically authorized method of judicial review in the nature of an appeal from a judgment which is final in the sense that it is enforceable. The right of payment under protest therefore affords taxpayers relief from the enforcement of a judgment illegally obtained or unlawfully sought to be enforced.
We also find that the granting of the right to pay under protest does not constitute a release or extinguishment of an obligation or indebtedness due the State contrary to Louisiana Constitution Article 4, Section 13, as argued by the Collector. Payment under protest neither releases nor extinguishes an obligation in favor of the state resulting from the finality of the assessment, it merely provides a procedure for judicial review of the legality of the assessment from its inception and also the legality of the enforcement measures resorted to by the Collector.
For the above and foregoing reasons, the judgment of the trial court granting the motion for summary judgment is reversed, and this suit is remanded to the trial court for further proceedings. The costs of this appeal are assessed to defendant-appellee to the extent permitted by law, with the remaining costs to be assessed in accordance with the final disposition of this cause.
Reversed and remanded.

. Since this ease has been appealed, the Louisiana Legislature has supplied this additional restriction in R.S. 47:1561 by Act No. 566 of the Regular Session of 1972:
“ * * * provided that in every case the taxpayer shall be entitled to proceed under R.S. 47:1576 except (a) after he has filed a petition with the Board of Tax Appeals for a redeter-mination of the assessment, or (b) when am, assessment for the tax in question has become final or (c) when a suit involving the same tax obligation is pending against him * * (Emphasis supplied.)