TUCKER, Judge
(dissenting).
I respectfully dissent from the majority opinion in this case for the reasons given below.
R.S. 47:1565 (quoted in the majority opinion of Ortlieb Press, Inc. v. Mouton) provides the taxpayer “sixty calendar days from the date of the notice, within which either to pay the amount of the assessment or to appeal to the board of tax appeals for a redetermination of the assessment”. Under a strict construction of this tax statute the above quoted portion of the statute can mean only one thing; i.e., that the taxpayer has sixty days within which to pay his assessment with or without protest or to appeal to the board of tax appeals.
This strict interpretation is reenforced by the language of the second paragraph of the same statute in which it is provided that “ . . .at the expiration of the delay of sixty calendar days the taxpayer has not filed an appeal with the board of tax appeals, the assessment shall be final and shall be collectible by distraint . ” This statute makes no exceptions and does not state that the assessment becomes final, unless the taxpayer chooses to make payment under protest.
Further weight is added to the operation of the assessment as a final judgment under the circumstances prescribed in R.S. 47:1565 by the provisions included in R.S. 47:1581 quoted as follows:
“Any tax, penalty, interest, or other charges duly assessed under this Subtitle,* being the equivalent of a judgment, shall not be subject to the running of any prescription other than such prescription as would run against a judgment in favor of the State of Louisiana in accordance with the Constitution and laws of this state; and the recordation of such assessment shall have the same effect as the recordation of a judgment.” (Emphasis added.)
*91 The obvious import of R.S. 47:1565 as to the finality of assessments under the circumstances prescribed has been noted by the majority which quoted from the recent Supreme Court decision in Collector of Revenue v. Pioneer Bank and Trust Co., 250 La. 446, 196 So.2d 270, 273 (1967), as follows:
“Once an assessment of taxes has been made and has become final, either by reason of the tax debtor’s failure to appeal to the Board of Tax Appeals and thereafter to the courts, or, as here, by his failure to appeal to the courts from an adverse decision of the Board of Tax Appeals, the ‘assessment’ of the Collector or the ‘judgment’ of the Board of Tax Appeals or the court, in the event of appeal, the tax assessed is no longer a claim but an established liability which may be collected either by distraint or through judicial process as provided by R.S. 47:1574. Being a final assessment or a judgment, as the case may be,

R.S. 47:1576 (quoted in toto in the majority opinion of Ortlieb Press, Inc. v. Mouton) is in pari materia to R.S. 47:1565, both statutes are in the same Part III on Assessment and Collection procedures, providing for the taxpayer’s right of appeal and should be read in such a manner as to give full force to the provisions of both statutes. The only way these statutes can be read so as to give full force to both is to consider R.S. 47:1576 as simply-providing a method of payment for the taxpayer, if he wishes to dispute or protest the assessment. If the taxpayer wishes to protest his assessment, he may do so, provided that he makes the payment with protest within sixty days of the assessment (R.S. 47:1565) and provided that he gives the collector of revenue notice of his intention to file suit for recovery and files suit for the return of the over-payment within thirty days (R.S. 47:1576). In other words the combined force of these two statutes is to give the aggrieved taxpayer ninety days after assessment on which to question by suit the tax payment he has made. If made under protest, which plaintiff-appellant failed to do in the instant case.
R.S. 47:1561 gives the Collector of Revenue the absolute right of three alternative methods by which he may collect taxes once the assessment has become final. This statutory provision reads as follows:
“In addition to following any of the special remedies provided in the various Chapters of this Sub-title, the collector may, within his discretion, proceed to enforce the collection of any taxes due under this Sub-title, by means of any of the following alternative remedies or procedures:
(1) Assessment and distraint, as provided in R.S. 47:1562 through 47:1573.
(2) Summary court proceeding, as provided in R.S. 47:1574.
(3) Ordinary suit under the provisions of the general laws regulating actions for the enforcement of obligations.
The collector may choose which of these procedures he will pursue in each case, and the counter-remedies and delays to which the taxpayer will be entitled will be only those which are not inconsistent with the proceeding initiated by the collector; provided that in every case the taxpayer shall be entitled to proceed under R.S. 47:1576 except after he has filed a petition with the board of tax appeals for a redetermination of the assessment, and except when there is pending against him a suit involving the same tax obligation; and provided further, that the fact that the collector has initiated proceedings under the assessment and distraint procedure will not preclude him from thereafter proceeding by summary or ordinary court proceedings for the enforcement of the same tax obligation.” (Emphasis added.)
The Collector of Revenue in the instant case chose the first method, assessment and *92 distraint. The second and third methods set forth above have been upheld by the Supreme Court as constitutional without any prior hearing, in Collector of Revenue v. Frost, 240 La. 1067, 127 So.2d 151 (1961). The harsh method of distraint was upheld by a dictum statement in the same case in which Justice Hawthorne explained the decision of the court in Collector of Revenue v. Olvey, 238 La. 980, 117 So.2d 563 (1960).
In considering R.S. 47:1561 we observe that the taxpayer is given “only those which are not inconsistent with the proceeding initiated by the collector.” Nothing could be more inconsistent with the distraint proceeding already brought by the Collector of Revenue in this case than to permit the taxpayer to make payment under protest after the Collector had already begun his distraint proceeding. In fact such a decision would render all of the thousands of final assessments which the Collector of Revenue makes each year subject to litigation. Apparently the 1972 Legislature shared this concern, for it inserted into R.S. 47:1561 (Act No. 566) providing the taxpayer the right to proceed under R.S. 47:1576 the statement “except (b) when an assessment for the tax in question has become final . . . ,” thus clarifying and making abundantly clear what the statute meant with respect to the effect of tax assessment which has become final, discussed supra in the analysis of R. S. 47:1565. Under the circumstances here it appears that the taxpayer has lost the right to pay under protest by the lapse of an excessive length of time.
It is not intended to advance the position that this latest amendment to R.S. 47:1561 was necessary to eliminate a possible ambiguity or conflict in the original confection of the applicable statutes, as the writer considers that the wording of the original statutes foreclose the right of taxpayer to pay under protest and then pursue his statutory judicial remedies once his time limit for so doing has expired under the assessment and distraint procedure. The 1972 amendatory act merely supports the withm analysis that the legislative intent was to deny a taxpayer the rights set forth and prescribed in R.S. 47:1576 where the assessment of the tax has become final, and no action has been taken timely by the taxpayer.
In my opinion the decision of the trial court is correct and should be affirmed at appellant’s costs.

 Sub-Title II. Provisions Relating to Taxes Collected and Administered by the Collector of Revenue.