BAILES, Judge Pro Tem.
This matter is before us at this time on a motion by the Collector of Revenue, State of Louisiana (Collector) to transfer this appeal to the Supreme Court of Louisiana. The ground for the motion is that Article VII, Section 10 of the Louisiana Constitution of 1921 vests appellate jurisdiction in the Supreme Court in cases in which the constitutionality or legality of any tax levied by the state is contested.
Chicago Bridge and Iron Company (CBI) was assessed by the Collector with Louisiana Sales-Use Tax which it paid under protest. This suit was brought to reclaim the payment. The court a quo rendered judgment in favor of the Collector on all issues except that of attorney’s fee. CBI has appealed.
The position of the Collector in urging this motion is that CBI has attacked the constitutionality of the tax statute as viola-tive of both the Louisiana Constitution and the United States Constitution.
In its brief in opposition to the motion, CBI argues that its position is simply that the imposition of the tax, or the application of the tax, to its operation is illegal and unconstitutional.
The Collector, in brief, acknowledges that the Supreme Court has ruled (D & A Construction Company v. Jefferson Davis Parish School Board, 251 La. 257, 203 So.2d 712) that where the tax statute is not attacked as unconstitutional or illegal, the appeal is to the Court of Appeal, even so insists that CBI’s position is not only the application of the tax is illegal and unconstitutional but also the tax statute is unconstitutional as violative of both the State and Federal Constitutions in the particulars alleged.
The record does show that CBI attacks the constitutionality of the tax statute, however, only in the alternative as shown *265 by Article 13 of its original petition, which we quote, in part, as follows:
“13.
“Alternatively, should the Louisiana General Sales Tax Act and the regulations from time to time issued thereunder by the defendant be construed as authorizing the application of the use tax to the expenses incurred by the plaintiff in bringing its own tangible personal property into the State of Louisiana, as contended by the defendant, then the plaintiff specifically and expressly pleads and urges the constitutionality of that Act and those regulations for the following reasons: * *
The primary issue herein, as cast by the petition, and other related issue-fixing pleadings and procedure in this record, is whether the Collector has correctly applied the Louisiana Sales-Use Tax to the operation of CBI, and the correlative issue of whether the Collector’s regulations conform to the subject statute.
It is only in the event the court should find that the imposition of the tax is correct under the statute that the secondary or alternative issue of constitutionality of the tax statute is reached.
Appellate jurisdiction herein is determined on the principal demand or issue, not on an alternative ground. The primary demand urged by CBI for recovery of the tax is the method utilized by the Collector in computing the tax that CBI contends is violative of the State and Federal constitutions.
In Colonial Pipeline Co. v. Mouton, 253 La. 433, 218 So.2d 323 (1969), the Supreme Court ruled:
“[1] It is now well settled that the constitutional grant of jurisdiction as to taxes confers upon this Court jurisdiction only when the validity of the tax statute itself is contested. When only the application of the tax to the particular subject matter is assailed, this Court is without appellate jurisdiction. D & A Construction Company v. Jefferson Davis Parish Sch. Bd., 251 La. 257, 203 So.2d 712 (1967); Collector of Revenue v. Pioneer Bank & Trust Co., 248 La. 571, 180 So.2d 708 (1965); State Farm Mutual Automobile Ins. Co. v. Ott, 221 La. 1061, 61 So.2d 872 (1952).”
As the primary issue does not involve the constitutionality of the tax statute, but rather one involving the application of the tax statute to CBI’s operation, the motion to transfer the appeal is denied.
Motion denied.