ELLIS, Judge.
This cáse was heard below on the following stipulations of fact:
“It is stipulated and agreed that if the witnesses were sworn and testified in the above entitled and numbered cause and the available documentary proof introduced, that the following facts would thereby be established, and the parties hereto agreed to the same, the facts of the case being stipulated to be:
1.
On November 5, 1970, the Collector of Revenue for the State of Louisiana through his duly authorized representatives and in accordance with the law, notified plaintiff of an assessment for Louisiana Income taxes for the years 1966, 1967 and 1968. This notice of assessment received by plaintiff, in addition to advising him of the nature, amount and period of the taxes issued against him contained the following provision stated in this phraseology:
“PLEASE DO NOT IGNORE THIS NOTICE — The Louisiana Law provides that if you neither pay this assessment nor timely appeal to the Board of Tax Appeals, this assessment will become fi *471 nal and may not thereafter be adjusted or reduced for any reason and must be collected in its entirety as set forth in the law.”
2.
Plaintiff neither appealed the assessment to the Board of Tax Appeals nor paid the assessment under protest within sixty (60) days.
3.
On March 11, 1971, the Collector of Revenue, through his duly authorized representatives and in accordance with the law, issued a “warrant for distraint.”
4.
On July 16, 1971, plaintiff paid the assessed amount and within thirty (30) days of the payment under protest, plaintiff filed a suit for refund of taxes paid under protest in the 19th Judicial District Court. The Collector of Revenue filed an Exception of No Right And/Or Cause of Action which was sustained by the trial court. The First Circuit Court of Appeal reversed the trial courts ruling on the exception and remanded the case to the trial court for trial on the merits.
It is further stipulated and agreed that this case involves no contested factual issues and that the dollar amount of the claim is not contested and is stipulated to be $517.26 plus the applicable statutory interest if the Court rules in favor of the plaintiff-taxpayer.
6.
It is further stipulated and agreed that the contested issues of law involve the interpretation of the taxpayer’s rights versus the State of Louisiana’s rights under the Louisiana Constitution and Title 47 of the Louisiana Revised Statutes and in particular the interpretation of the respective parties’ rights under LSA R.S. 47:1561 through 1576 — the basic legal question presented being whether the plaintiff-taxpayer has a right to file suit against the Collector of Revenue for refund of taxes paid under protest after the expiration of sixty (60) days after the receipt of the notice of assessment.
7.
It is further stipulated and agreed that except for the introduction into the record of the exhibits listed on the pre-trial order that counsel waive their appearances at the trial and submit this matter for determination on briefs.”
Based on the above stipulations, and our ruling herein on the exceptions of no right or cause of action, 268 So.2d 90 (La.App. 1st Cir. 1972), the trial judge rendered judgment for plaintiff, and defendant has appealed.
In 'our original opinion in this case, we held that plaintiff had not lost his cause of action, for reasons assigned in Ortlieb Press, Inc. v. Mouton, 268 So.2d 85 (La.App. 1st Cir. 1972).
The issue presented by this appeal is the same issue heretofore presented and already ruled on in the above cases. For the reasons therein given, the judgment of the trial court is affirmed, with all costs to be paid by defendant to the extent permitted by law.
Affirmed.