579 So.2d 1152 (1991)
STATE of Louisiana, DEPARTMENT OF REVENUE AND TAXATION, Appellant,
v.
SUCCESSION OF Ethel J. POPE, Appellee.
No. 22351-CA.
Court of Appeal of Louisiana, Second Circuit.
May 8, 1991.
*1153 Department of Revenue and Taxation by Geneva Landrum, St. Francisville, for appellant.
Blanchard, Walker, O'Quin & Roberts by J. Edgerton Pierson, Jr., Shreveport, for appellee.
Before SEXTON, VICTORY and STEWART, JJ.
VICTORY, Judge.
The Secretary of the Department of Revenue and Taxation, State of Louisiana, (hereinafter "Collector") appeals a summary judgment granted in favor of two heirs of Ethel J. Pope on the basis that the Collector did not timely file to judicially fix additional inheritance taxes claimed to be due.

FACTS
Ethel Pope died testate on December 17, 1986 leaving a niece-in-law and a nephew-in-law as surviving heirs. In mid-September, 1987 the executor filed an inheritance tax return claiming these heirs were entitled to the exemptions and tax rates applicable to collateral relations. Inheritance taxes of $47,908.33 were paid a few days after the return was filed. Claiming decedent's heirs were "strangers," the Collector sent the executor's attorney a letter dated October 2, 1987 stating his intention to "assess" an additional $21,381.33 in inheritance taxes.
For three months the Collector and the attorney for defendants traded correspondence concerning the dispute. However, no judicial proceedings involving the inheritance tax dispute were filed until the Collector filed suit by ordinary process on December 13, 1989 for the additional amount he claimed was due from the heirs.
On February 28, 1990, the heirs' motion for summary judgment was granted by the trial court. In his reasons for judgment, *1154 the trial judge stated that summary judgment was granted because the Collector had not filed a rule to show cause to fix the taxes within two years from the receipt of the inheritance tax return in accordance with C.C.P. Art. 2954.

DISCUSSION
La.Const. Art. 7, § 16 of 1974 provides as follows:
Taxes, except real property taxes, and licenses shall prescribe in three years after the 31st day of December in the year in which they are due, but prescription may be interrupted or suspended as provided by law.
LSA-R.S. 47:2422 states:
Inheritance taxes due to the state shall prescribe, as provided in the constitution, in three years from the thirty-first day of December of the year in which such taxes become due. The taxes shall be deemed due, so as to begin the running of prescription, on the day the inheritance tax return together with a copy of the petition, affidavit of death and heirship, will, if any, and sworn descriptive list or inventory is filed with the collector of revenue or on the date inheritance tax return is filed in succession record and submitted to the attorney for the inheritance tax collector, whichever is the latest.
C.C.P. Art. 2954 provides in relevant part:
If the succession representative, heirs, and legatees do not agree with the collector of revenue as to the taxes due, any party may rule the other interested parties into court to show cause why the inheritance taxes due by each heir or legatee should not be determined judicially. On the trial of this rule, the Court shall render judgment against each heir and legatee for the tax due by him, or against the collector of revenue decreeing that no taxes are due.
If after receipt of the inheritance tax return the collector of revenue contends that additional inheritance taxes are due, the collector of revenue may rule the heirs and legatees into court to show cause why the inheritance taxes due by each heir and legatee should not be determined judicially. On the trial of this rule, the court shall render judgment against each heir and legatee for the tax due by him, or against the collector of revenue decreeing that no taxes are due.
The collector of revenue must file the rule as provided in this article within two years from receipt of the inheritance tax return, but there shall be no interruption of the prescriptive period for payment of inheritance taxes as provided in the Constitution.
From the constitutional and statutory provisions set out above, it is clear that there is a three-year prescriptive period for taxes, including inheritance taxes, that begins to run on the thirty-first day of December of the year in which the taxes become due. Thus, in this case, the three-year prescriptive period began to run on December 31, 1987. This action to collect the additional inheritance taxes claimed to be due by the Collector was filed on December 13, 1989, well within this three-year prescriptive period.
However, defendants claim that C.C.P. Art. 2954 provides the exclusive method and prescriptive period, two years from receipt of the return, for the fixing of inheritance taxes, and that the three-year prescriptive period found in Art. 7, § 16 of the 1974 Constitution is merely the period to collect the taxes determined to be due by the court.
We disagree. C.C.P. Art. 2954 states that the Collector "may" rule the heirs and legatees into court to show cause why the inheritance tax due by each heir and legatee should not be determined judicially. Words and phrases are to be read in their context, and are to be construed according to the common and approved usage of the language employed. The word "shall" is mandatory, and the word "may" is permissive. C.C.P. Art. 5053.
Generally, a party is not allowed to proceed by rule unless the pleading is incidental to a lawsuit, or unless summary proceedings are specifically authorized by *1155 law. C.C.P. Art. 2592. Merely because the Legislature has authorized disputes involving inheritance taxes to be brought by rule does not mean a rule to show cause is the exclusive method that must be used. By the use of the word "may," the Legislature has allowed the Collector to proceed by rule, but has not required him to do so.[1]
If the rule provided in C.C.P. Art. 2954 were interpreted to be the exclusive method for the Collector to proceed, he would have only two years from the date of the filing of the inheritance tax return to proceed against the heirs and legatees for additional taxes he claims to be owed. If such were the interpretation, Article 2954's two year period would appear to violate the three-year constitutional period. However, when a court can reasonably do so, it should construe a statute so as to preserve its constitutionality. Buras v. Board of Trustees of Police Pension, 367 So.2d 849 (La.1979). Thus, we hold C.C.P. Art. 2954 simply authorizes the Collector to have inheritance taxes fixed judicially by summary proceedings in addition to having them fixed judicially by ordinary proceedings. If the Collector chooses to proceed by rule, C.C.P. Art. 2954 requires him to do so within two years of receipt of the inheritance tax return. However, he may also proceed by ordinary process at any time within the constitutional three-year prescriptive period.[2]
Appellants' argument that the three-year prescriptive period provided in the constitution is merely the time period to collect the taxes is without merit for several reasons. Initially, we note the constitutional provision does not use the word "collect." In Collector of Revenue v. Pioneer Bank and Trust Company, 250 La. 446, 196 So.2d 270 (La.1967), the Louisiana Supreme Court, interpreting a virtually identical provision in the Louisiana Constitution of 1921, held that once the Collector has brought his assessment or suit to final judgment, the tax is no longer a claim, but an established liability, and the three-year prescriptive period provided in the constitution for taxes is irrelevant. The supreme court stated:
The prescription provided for in Section 19 of Article 19 of the constitution by the amendment adopted in 1938, was never designed as an interdiction to the collection of tax judgments or assessments timely obtained. The sole purpose of the amendment was to deter the practice of bringing suits on stale tax claims. State v. Alden Mills, 202 La. 416, 12 So.2d 204 [1943].
The constitutional provision states that the three-year prescriptive period may be interrupted or suspended as provided by law. Prescription (C.C. Art. 3462 et seq.) and even peremption (C.C. Art. 3458; see also 1982 Revision Comments of C.C. Art. 3461, Comment c) are usually interrupted by the timely filing of a suit to assert rights. However, the third paragraph of Article 2954 states the filing of a rule by the Collector does not interrupt the constitutional prescriptive period.
While most of the provisions found in the administrative provisions of LSA-R.S. 47:1501, et seq; governing the assessment and collection procedures by the Collector say that they apply to taxes arising under "this subtitle", [Subtitle II LSA-R.S. 47:211681], LSA-R.S. 47:1580 does not contain such a limitation. Accordingly, § 1580 is therefore, applicable to any state tax, license, excise, interest, penalty, or other charge, including inheritance taxes. (See also LSA-R.S. 47:1501(C) and LSA-R.S. 47:1673(B), both stating the principle that general administrative provisions applicable to taxes under Subtitle II apply to inheritance taxes unless they are in conflict with a provision found in the inheritance tax law.) Section 1580 A(3) provides that the filing of any pleading, either by the Collector or by the taxpayer with the Board of Tax Appeal or any state or federal *1156 court suspends the prescriptive period in the constitution from running. Thus, the filing of the petition by the Collector at least suspended the three-year constitutional prescriptive provision.
In summary, we hold that Article 2954 authorizes, but does not require, a summary proceeding by rule to fix and collect the taxes. If the Collector chooses to proceed summarily by rule, he must do so within two years of the receipt of the inheritance tax return. The filing of such a rule does not interrupt [but does suspend See LSA-R.S. 47:1580 A(2) ] the prescriptive period in the constitution. If the Collector chooses to proceed by ordinary process, he must do so within the three-year constitutional prescriptive period. The filing of suit by ordinary process suspends [LSA-R.S. 47:1580 A(3) ] and may interrupt (C.C. 3461See Comment (C) and C.C. 3462) the constitutional prescriptive period.[3] If the Collector is successful in obtaining judgment, the applicable prescription period is ten years. C.C. Art. 3501; Collector of Revenue v. Pioneer Bank and Trust Company, supra.
Although the Collector alleges in his petition he has "assessed" additional inheritance taxes against the heirs, we agree the Collector does not have the power to make such an assessment. His power to assess other kinds of taxes does not include inheritance taxes. See LSA-R.S. 47:1562, et seq. When disputes over inheritance taxes arise, they must be judicially determined by contradictory proceedings brought in district court. LSA-R.S. 47:2416.
The Collector's petition prayed for judgment against the heirs in a specific amount, although it did not ask the court to determine the inheritance taxes. As defendants acknowledge on page 8 of their supplemental brief in this Court, the Collector seeks a determination of the amount of tax due by the legatees of the decedent and a judgment against them for the amounts due. The trial court will necessarily have to determine (or judicially fix) the amount of additional taxes due, if any, in deciding whether or not to render judgment in favor of the Collector. Although the petition could (and should) have been properly worded, we view it as a petition to fix and obtain judgment for the claimed additional inheritance taxes.

DECREE
For these reasons, the judgment of the trial court is reversed and the case is remanded to the trial court for further proceedings consistent with this Opinion.
REVERSED.
NOTES
[1] The Legislature has also authorized the Collector to use summary proceedings to determine and collect other types of taxes. See e.g. LSA-R.S. 47:1561 and 1574.
[2] Even when an ordinary proceeding is brought, the case is tried summarily and by preference. LSA-R.S. 13:5031.
[3] The Louisiana Supreme Court has characterized such a filing and pendency of a suit as a "continuous interruption." Louviere v. Shell Oil Co., 440 So.2d 93 (La.1983).