ELLIS, Judge.
The Collector of Revenue claimed additional income taxes were due by appellant, St. Lo'uis Southwestern Railway Company, for the year 1937, amounting to $1,455.28 with interest of $320.16, or a total of $1,775.44. The Louisiana Board of Tax Appeals sustained a plea of prescription of three years under Article 19, Section 19 of the Louisiana Constitution of 1921, as amended.
A review or appeal was taken by the Collector of Revenue tó the Nineteenth Judicial District Court for the Parish of East Baton Rouge which reversed the Board of Tax Appeals by overruling the plea of prescription and remanding the case for further proceedings in accordance with law.
From this judgment the matter has been appealed to this Court.
On December 31, 1941 the Collector of Revenue, in conformity with the provisions of Act 21 of 1934, Section 83(a), Dart’s Sec. 8587.83, sent appellant a notice of its income tax deficiency for the year 1937 by registered mail, whereupon appellant, on March 30, 1942, instituted a proceeding against the Collector of Revenue before the Board of'Tax Appeals for a redetermi-nation of the deficiency set 'forth by the Collector in his notice, and, in addition to denying, any deficiency, appellant in Paragraph 4 of its petition, specifically pleaded that under- Section 19, Article 19 of the Louisiana Constitution the claim was prescribed.
It is conceded by counsel for the State that under the above provisions of the Constitution the claim would have prescribed on December 31, 1941 had the Collector taken no action by that date, but counsel contends that the mailing by the Collector of the notice of the alleged income tax deficiency on December 31, 1941 interrupted the prescriptive period.
The sole question before this Court is whether the Collector could interrupt the prescription provided for by Section 19, Article 19 of the Constitution by the mere sending of the deficiency letter of whether he was required to send his deficiency letter within sufficient time to permit him to bring suit within the prescriptive period after following the procedural requirements of •Section 83(a) of Act 21 of 1934.
Appellant contends that the only method by which the Collector could have interrupted prescription was by the filing of a suit, and cites and apparently depends entirely upon the ruling of the Supreme Court in the case of State v. Alden Mills, 202 La. 416, 12 So.2d 204. It is true that the filing of a suit would have interrupted prescription.
It is not contended that Act 21 of 1934 was repealed, however, there is no doubt that the effect of the adoption of the amendment to the Constitution was to change the prescriptive period provided in Sections 86 and 87 from four and six years to three years, and in all other respects it was unaffected by the amendment. Therefore, Section 83(a)‘, which provides the procedure in general, and Section 88, which provides for the suspension of the running of statute or Act 21 of 1934 are still the law and in full force and effect.
*107 These Sections provide:
“Section 83. Procedure in General.
“(a) Petition to Board of Tax Appeals.— If in the case of any taxpayer the Supervisor determines that there is a deficiency in respect of the tax imposed by this Act, the Supervisor is authorized to send notice of such deficiency to the taxpayer by registered mail. Within 90 days after such notice is mailed (not counting Sunday as the ninetieth day) the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency. No assessment of a deficiency in respect of the tax imposed by this Act and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted ' until such notice has been mailed to the taxpayer, nor until the expiration of such 90 day.period, nor if a petition has been filed with the Board, until the decision of the Board has become final.
iji * * * * *
“Section 88. Suspension of Running of Statute. The running of the statutes of limitations provided in Section 86 or 87 on the making of assessments and the beginning of distraint or a proceeding in a court for collection, in respect of any deficiency, shall (after the mailing of a notice under Section 83(a) be suspended for the period during which the Supervisor is prohibited from making the assessment or beginning distraint or a proceeding in court (and in any event, if a proceeding in respect of the deficiency is placed on the docket of the Board, until the decision of the Board becomes final) and for sixty days thereafter.”
The Collector must follow the above provisions in the collection of the tax. If he fails to do this he would be met by a successful objection on behalf of the alleged tax debtor.
We are inclined to agree with the learned Judge of the District Court that the Legislature has authority to provide for an interruption of a constitutional prescription, not only by the filing of a suit in Court but also by the method prescribed under Act 21 of 1934, that is, by the mailing of the notice of an alleged tax deficiency.
Under appellant’s contention all preliminary procedure provided for under Act 21 of the Legislature for the year 1934 must be taken in time for the filing of a suit before three years have elapsed. If this contention was correct and such had been the intention of the framers of the Constitutional Amendment, then Act 21 of 1934 would-have been entirely repealed.
The judgment of the District Court is affirmed.