ment by registered mail stating that they had a delay of 60 days within which they might either pay the tax or appeal to the Board of Tax Appeals as prescribed in Section 1565 of Title 47" results from the collector's exercise of his discretion not to proceed by assessment and distraint as provided in R.S. 47:1562–1573.

Appellee next argues that our reasoning in the Olvey case is erroneous because we stated that the assessment procedure provided in R.S. 47:1562–1565 is "applicable only when the Collector seeks enforcement of the collection of the tax by the harsh remedy of distraint and sale of the taxpayer's property" [238 La. 980, 117 So.2d 567]; that this statement in the Olvey case did violence to the whole scheme of the jeopardy procedure outlined in R.S. 47:1566 and made that remedy impotent. What we said in the Olvey case was that R.S. 47:1562–1565 must be followed when the collector wants to collect the tax by distraint and sale; we said nothing to impair the collector's right to proceed under R.S. 47:1566 when he thinks the collection is in jeopardy.

We do not deem it necessary to answer the remaining contentions of appellee, which we have carefully considered and found to be without merit, for we are firmly convinced that our opinion in the Olvey case is correct and should be followed in the instant case.

As already stated, appellee's pleas of unconstitutionality are based on the same grounds as pleas which we found without merit in the Olvey case. She makes no additional argument in support of these pleas, and it would serve no useful purpose to discuss them further.

For the reasons assigned the judgment appealed from dismissing the Collector of Revenue's suit is annulled, reversed, and set aside, and the case is remanded to the district court for further proceedings according to law and consistent with the views here expressed. Costs of this appeal are to be borne by appellee.

127 So.2d 154

**COLLECTOR OF REVENUE, State of Louisiana**

v.

**Mr. and Mrs. Edwin F. WHITED.**

No. 45129.

Feb. 15, 1961.

Chapman L. Sanford, Emmett E. Batson, Baton Rouge, for appellant.

Wilkinson, Lewis, Madison & Woods, Shreveport, for defendant-appellee.

HAWTHORNE, Justice.

For the reasons assigned in the case of Collector of Revenue v. Frost, 240 La. 1067, 127 So.2d 151, the judgment appealed from dismissing the Collector of Revenue's suit is annulled, reversed, and set aside, and the case is remanded to the district court for further proceedings according to law and consistent with the views there expressed. Costs of this appeal are to be borne by appellees.

127 So.2d 154

**COLLECTOR OF REVENUE, State of Louisiana**

v.

**Randle T. MOORE (Deceased), John M. Madison, Executor, and Susan F. Moore.**

**No. 45130.**

Feb. 15, 1961.

Chapman L. Sanford, Emmett E. Batson, Baton Rouge, for appellant.

Wilkinson, Lewis, Madison & Woods, Shreveport, for defendant-appellee.

HAWTHORNE, Justice.

For the reasons assigned in the case of Collector of Revenue v. Frost, 240 La. 1067, 127 So.2d 151, the judgment appealed from dismissing the Collector of Revenue's suit is annulled, reversed, and set aside, and the case is remanded to the district court for further proceedings according to law and consistent with the views there expressed. Costs of this appeal are to be borne by appellees.

127 So.2d 155

**COLLECTOR OF REVENUE, State of Louisiana**

v.

**F. T. WHITED.**

**No. 45131.**

Feb. 15, 1961.

Chapman L. Sanford, Emmett E. Batson, Baton Rouge, for appellant.

Wilkinson, Lewis, Madison & Woods, Shreveport, for defendant-appellee.

HAWTHORNE, Justice.