HAWTHORNE, Justice.
The Collector of Revenue of the State of Louisiana pursuant to R.S. 47:1574 instituted this summary proceeding against Virginia C. Frost for alleged income tax deficiency for the year 1954. This is one of several such proceedings brought by the Collector of Revenue, all of which involve identical legal issues and have been consolidated in this court for argument.[1]
All of the legal issues presented by this case were decided by this court in Collector of Revenue v. Olvey, 238 La. 980, 117 So.2d 563. In that case we considered a plea of prematurity, a plea to the jurisdiction, an exception of no right or cause of action, and a plea of unconstitutionality of R.S. 47:1561 and 47:1574, all of which were based on the same grounds as similar pleas filed in the instant suit. Appellee here, the taxpayer, concedes that the legal questions presented in the instant case were decided in the Olvey case adversely to her contentions, but strenuously urges that our decision in the Olvey case was wrong and should be overruled. Appellee argues that we erred in that case in holding that the Collector of Revenue is not required to formally assess an income tax deficiency when he seeks its collection by ordinary suit or by summary process, two of the three alternative procedures provided by R.S. 47:1561.
Appellee contends first that our decision in the Olvey case conflicts with an earlier *152 decision, Henwood v. Collector of Revenue, La.App., 51 So.2d 105, decided by the Court of Appeal, First Circuit, in which we refused writs on the ground that the judgment was correct. She argues that the Henwood case states the law correctly and should be followed.
In the Henwood case the Court of Appeal was considering a judgment of the district court which had overruled a plea of prescription sustained by the Louisiana Board of Tax Appeals. In the course of that opinion the Court of Appeal stated that the provisions of Section 83(a) and Section 88 of Act 21 of 1934, requiring notice of an income tax deficiency, formal assessment, and right of appeal to the Board of Tax Appeals, had to be followed by the collector in the collecting of an income tax, and that upon his failure to follow these provisions he would be met by a successful objection by the tax debtor. In the Hen-wood case the collector was claiming additional income taxes for the taxable year 1937, and on December 31, 1941, the collector in conformity with the provisions of Section 83(a) of Act 21 of 1934 sent the taxpayer notice of its income tax deficiency. The taxpayer on March 30, 1942, instituted proceedings against the collector before the Board of Tax Appeals, specifically pleading that the tax claim had prescribed. In that case the Court of Appeal had before it for decision only the validity of the plea of prescription. It found the plea to be without merit, and in the course of the opinion made the statement upon which appellee here relies. Since the collector in the Henwood case had instituted proceedings under Section 83(a) of Act 21 of 1934, the Court of Appeal correctly stated that it was necessary for him to follow that law's procedural provisions. Moreover, the proceedings were instituted before the adoption in 1950 of R.S. 47:1561, which gives the collector alternative procedures. Consequently the Henwood case is not in conflict with the Olvey case and is not decisive of the issues presented in the present case.
Appellee here still contends, as was contended in the Olvey case, that the provisions of Section 83(a) of Act 21 of 1934, which set out certain procedural requirements that had to be met before an assessment of an income tax deficiency could be made or a proceeding in court for the collection of the tax could be begun, are in full force and effect and must be complied with, and that this court erred when it stated in the Olvey case that Section 83 of the original income tax statute had been repealed. As clearly pointed out in the Olvey case, the provision of Section 83 of the 1934 act that proceedings in court for the collection of a deficiency could not be begun until the expiration of the 90-day period in which the taxpayer could appeal to the Board of Tax Appeals was not retained and reenacted as part of the Revised Statutes of 1950. This requirement is therefore no longer in our law.
In support of their argument counsel for the taxpayer here stress the fact that the source of R.S. 47:1562-1565 is given in the Revised Statutes as Act 21, Section 83, of 1934. It does not necessarily follow, however, that all of the provisions of the 1934 act were incorporated in the 1950 statutes just because the 1934 act was the source of the new law. Moreover, Act 21 of 1934 (the income tax law) was revised and consolidated in the Revised Statutes of 1950,. and Section 2 of the act adopting the Revised Statutes of 1950 specifically lists Act 21 of 1934 as one of the acts repealed.
In support of her argument that income-tax must be assessed before it is due and collectible, the taxpayer points to R.S. 47:32, subd. A, 47:163, and 47:282, all of which are part of our income tax law (Chapter 1, Subtitle II, Title 47), and all of which provide that the income tax is to-be assessed before it is levied and collected. These provisions are sufficient, she says, to. show that the Legislature intended that the procedural requirement of assessment is. necessary before the tax becomes due and collectible.
*153 We find no merit in this contention. The same Legislature adopted R.S. 47:1561 (also found in Subtitle II), which plainly states that in addition to any of the special remedies provided in the various chapters ■of this subtitle the collector may within his discretion proceed to enforce the collection of any taxes due under this subtitle by means of any of the following alternative remedies or procedures:
“(1) Assessment and distraint, as pro-wided in R.S. 47:1562 through 47:1573.
“(2) Summary court proceeding, as provided in R.S. 47:1574.
“(3) Ordinary suit under the provisions •of the general laws regulating actions for the enforcement of obligations.” (Italics ours.)
Moreover, R.S. 47:1574, also found in Subtitle II, provides for a summary procedure for the hearing and determination ■of all claims by the state for taxes, excises, etc. Nowhere in Section 1574 is found a requirement for a prior assessment, and thus it is clear that the Legislature never intended to require an assessment when the ■collector is proceeding by summary pro•ceeding or ordinary suit as set out in R.S. ■47:1561, (2) and (3).
When the collector proceeds under the first alternative procedure named in R.S. •47:1561, assessment is specifically required •and made mandatory. However, the statute makes no mention of assessment when the •collector proceeds under the second or third alternative remedies, by summary process ■or ordinary suit. This clearly indicates that it was not the intention of the Legislature, in spite of what appellee argues, to require a formal assessment before an income tax can be collected by either the ■second or the third of these methods.
Appellee next calls our attention to R.S. 47:281, found in Chapter 1 (dealing with income taxes) of Subtitle II, which reads:
“Except as specifically provided to the contrary in this Chapter, all matters pertaining to the administration of this Chapter shall be governed by the provisions of Chapter 18 of this Sub-title.”
She then says that certain sections in Chapter 18, R.S. 47:1562 — 1565.1, require a hearing before the collector, a formal assessment, etc., and that consequently a formal assessment is required before any income tax can be due and collectible. This contention, however, will not stand up under close scrutiny, for R.S. 47:1561 and 47:1574, which provide for collection of the tax by summary process, are also found in Chapter 18 of the same subtitle.
The taxpayer next cites R.S. 47:1673, which states that in the event of a conflict between the provisions of Chapter 18 and those of any other chapter of Subtitle II, the provisions of the other chapters take precedence. We find no conflict here between Chapter 1 and Chapter 18 of Subtitle II. The fact that the taxpayers in these suits were “never accorded the right to protest and be heard as required by Section 1563; never received an assessment in writing as provided in Section 1564; and were never given notice of any assessment by registered mail stating that they had a delay of 60 days within which they might either pay the tax or appeal to the Board of Tax Appeals as prescribed in Section 1565 of Title 47” results from the collector’s exercise of his discretion not to proceed by assessment and distraint as provided in R.S. 47:1562-1573.
Appellee next argues that our reasoning in the Olvey case is erroneous because we stated that the assessment procedure provided in R.S. 47 ¡1562-1565 is “applicable only when the Collector seeks enforcement of the collection of the tax by the harsh remedy of distraint and sale of the taxpayer’s property” [238 La. 980, 117 So.2d 567] ; that this statement in the Olvey case did violence to the whole scheme of the jeopardy procedure outlined in R.S. 47:1566 and made that remedy impotent. What we said in the Olvey case was that R.S. 47:1562-1565 must be followed when the *154 collector wants to collect the tax by dis-traint and sale; we said nothing to impair the collector’s right to proceed under R.S. 47:1566 when he thinks the collection is in jeopardy.
We do not deem it necessary to answer the remaining contentions of appellee, which we have carefully considered and found to be without merit, for we are firmly convinced that our opinion in the Olvey case is correct and should be followed in the instant case.
As already stated, appellee’s pleas of unconstitutionality are based on the same grounds as pleas which we found without merit in the Olvey case. She makes no additional argument in support of these pleas, and it would serve no useful purpose to discuss them further.
For the reasons assigned the judgment appealed from dismissing the Collector of Revenue’s suit is annulled, reversed, and set aside, and the case is remanded to the district court for further proceedings according to law and consistent with the views here expressed. Costs of this appeal are to be borne by appellee.

. The other suits are Collector of Revenue v. Whited, 240 La. 1076, 127 So.2d 154; Collector of Revenue v. Moore, 240 La. 1077, 127 So.2d 154; and Collector of Revenue v. Whited, 240 La. 1078, 127 So.2d 155.