DOMENGEAUX, Judge.
This is a Louisiana state income tax case. The secretary of the Department of Revenue and Taxation (The Department), appeals from a decision of the District Court affirming a determination made by the Board of Tax Appeals which sustained the peremptory exception of prescription filed by Louisiana Pacific Corporation (The Taxpayer).
The sole issue is this: Is the running of prescription against state income tax interrupted by the formal assessment of such tax (La.R.S. 47:1564) or must the notice of assessment (La.R.S. 47:1565) be mailed to the taxpayer before prescription is arrested?
The facts are as follows. On October 14, 1977, The Department, pursuant to La.R.S. 47:1562, mailed a notice of intent to assess income taxes for the years 1973 and 1974 to The Taxpayer. On December 30, 1977, a formal assessment against The Taxpayer was executed pursuant to La.R.S. 47:1564.[1] Notice of this assessment was mailed to The Taxpayer on January 4, 1978, as provided by La.R.S. 47:1565.[2]
*36 The Taxpayer appealed this assessment to the Board of Tax Appeals claiming that the taxes had prescribed under the provisions of La.Const. 1974 Article VII, § 16. That Article provides that taxes (other than real property taxes) prescribe in three years after December 31 of the year in which they are due. The Article further provides that prescription may be interrupted or suspended as provided by law.
The Board of Tax Appeals held that since the 1973 taxes became due in 1974, they prescribed on December 31, 1977. The Board further held that prescription was not interrupted until notice of the assessment (under 47:1565) was mailed to The Taxpayer. Since notice of the assessment was not mailed until January 4, 1978, the Board concluded, the taxes for the year 1973 had prescribed, and were not enforceable.[3]
The Department appealed from this decision to the District Court, which affirmed the decision of the Board of Tax Appeals. The Department then appealed to this Court.
The Department contends that compliance with La.R.S. 47:1564 interrupts prescription. Since it complied with 47:1564 by formally assessing The Taxpayer on December 30, 1977, the Department argues, prescription was interrupted on that date.[4]
The Taxpayer contends that the two statutes (R.S. 47:1564 and 1565) should be read together to provide that prescription is not interrupted until the formal assessment is made and notice of the assessment is mailed to The Taxpayer, ostensibly because it would be inequitable to allow The Department to assess taxes without notice.
We believe The Department’s view is the correct one. We hold that the prescription running against the state income tax was interrupted when The Department formally assessed The Taxpayer on December 30, 1977, pursuant to La.R.S. 47:1564.[5] We rely upon La.R.S. 47:1580(1) which provides that prescription running against any state tax is interrupted by “the collector’s action in assessing any such amount in the manner provided by law.” The manner provided by law for the actual assessment of taxes is found in R.S. 47:1564, supra. We believe that when the requirements set forth in that Section were satisfied before the three years passed, the running of prescription ceased.[6] We find no indication of a legislative intent to require that notice of the *37 assessment (under 47:1565) be sent before prescription is interrupted. We note that the taxpayer must have already received the initial notice under 47:1562 before the assessment can be made under 47:1564, and therefore knows of the Collector’s intent to assess him. The taxpayer is not prejudiced by receipt of the notice under 47:1565 after the three years have run since he has thirty days from the date of the notice within which to pay the assessment or to appeal to the Board of Tax Appeals. Since the assessment herein was completed in accordance with 47:1564 before prescription had run, the taxes for 1973 did not prescribe.
For the assigned reasons, the judgment of the District Court affirming the decision of the Board of Tax Appeals is reversed.
This case is remanded to the Louisiana Board of Tax Appeals for further proceedings in order to determine the correctness of the assessment for 1973 income tax made against Louisiana Pacific Corporation.
All costs are assessed against The Taxpayer.
REVERSED AND REMANDED.

. La.R.S. 47:1564 reads as follows:
“At the expiration of fifteen calendar days from the date of the collector’s notice provided in R.S. 47:1562, or at the expiration of such time as may be necessary for the collector to consider any protest filed to such notice the collector shall proceed to assess the tax, penalty and interest that he determines to be due under the provisions of any Chapter of his Subtitle. The assessment shall be evidenced by a writing in any form suitable to the collector, which sets forth the name of the taxpayer, the amount determined to be due, the kind of tax, and the taxable period for which it is due. This writing shall be retained as a part of the collector’s official records. The assessment may confirm or modify the collector’s originally proposed assessment.”

. Paragraph A of La.R.S. 47:1565 reads as follows:
“A. Having assessed the amount determined to be due, the collector shall send, by registered mail, a notice to the taxpayer against whom the assessment lies, at the address given in the last report filed by said taxpayer, or if no report has been filed to any *36 such address as may be obtainable. This notice shall inform the taxpayer of the assessment made against him and notify him that he has thirty calendar days from the date of the notice within which either to pay the amount of the assessment or to appeal to the board of tax appeals for a redetermination of the assessment. All such appeals shall be made in a manner set out in Chapter 17, Subtitle II of this title.”

. The portion of the assessment pertaining to the 1974 taxes was upheld by the Board and The Taxpayer has not complained of this ruling.

. No argument is made by The Taxpayer that The Department did not comply with the requirements of 47:1564, quoted in footnote 1, supra.

. Some jurisprudential authority suggests that prescription may have been interrupted when The Department first mailed its notice of intent to assess The Taxpayer in October of 1977, pursuant to La.R.S. 47:1562. Collector of Revenue v. Pioneer Bank and Trust Company, 250 La. 446, 196 So.2d 270 (1967); Henwood v. Collector of Revenue, 51 So.2d 105 (La.App. 1st Cir. 1951). These cases held prescription was interrupted by the mailing of a notice of an alleged tax deficiency, as provided by Act 21 of 1934, Section 83. Section 88 of Act 21 of 1934 expressly provided for the suspension of the “running of the statutes of limitations” after the mailing of the deficiency notice. Act 21 of 1934 was repealed by the Louisiana Legislature in 1950 when the Revised Statutes were enacted. The notice provision of Section 83 was substantially reenacted as La.R.S. 47:1562 but the provision in Section 88 was not reenacted. Thus, our decision is not based on these earlier cases since the statute upon which they relied (Section 88 of Act 21 of 1934) is no longer the law.

.We need not decide whether the mailing of the notice of intent to assess (47:1562) alone suspended the running of prescription since we conclude that prescription was surely interrupted when the assessment was made under 47:1564, an event which occurred later in time than the initial notice but which, like the initial notice, was completed before the three year period expired.