BYRNES, Judge.
Bunge Corporation appeals from a decision of the District Court reversing a determination made by the Board of Tax Appeals, sustaining the peremptory exception of prescription filed by Bunge Corporation.
Bunge Corporation allegedly owed corporate income tax and a formal assessment of the taxes was made by the Secretary of the Louisiana Department of Revenue and Taxation on December 30, 1977, the day before prescription would have run. The formal notice of the assessment was not mailed until January 4, 1978, after the prescriptive period. Bunge Corporation avers that the act of mailing was controlling as to prescription but failed to cite any Louisiana cases to that effect.
We agree with the District Court’s opinion which held that R.S. 47:1564, 1565, and 1580 are applicable and that the date of assessment is controlling rather than the date of mailing the assessment.
*868 In Louisiana Pacific Corporation v. Secretary of the Department of Revenue and Tax, 391 So.2d 35 (La. 3rd Cir. 1980), a case with facts that almost mirror the instant case, the Third Circuit held that prescription on State Income Tax was interrupted by formal assessment of said Tax by the state before the three year period had passed, even though notice was not mailed to the taxpayer until after the three year prescriptive period had accrued against the state.
In adopting the Third Circuit’s pronouncement in Louisiana Pacific, we affirm the trial court’s decision and remand this case to the Louisiana Board of Tax Appeals for further proceedings in order to determine the correctness of the assessment of the 1974 Income Tax made against Bunge Corporation.
All costs are assessed to the appellant.
AFFIRMED.