**In the Matter of Tracy HUMBLE, Debtor.**

**Tracy HUMBLE, Plaintiff,**

**v.**

**STATE OF LOUISIANA, DEPT. OF REVENUE AND TAXATION, Defendant.**

Bankruptcy No. 95–14755.
Adversary No. 96–1176.

United States Bankruptcy Court, E.D. Louisiana.

May 30, 1997.

As Amended June 16, 1997.

---

Emily W. Toler, Baton Rouge, LA, for State of Louisiana.

Jamison John Dupuy, New Orleans, LA, for Plaintiff.

## MEMORANDUM OPINION

JERRY A. BROWN, Bankruptcy Judge.

This matter came on for trial on February 18, 1997 on the complaint of Tracy Humble ("debtor") seeking a discharge of State of Louisiana income taxes under 11 U.S.C. § 523(a)(1). After listening to the evidence, reviewing the exhibits and pleadings, and considering the arguments of counsel, the court concludes that the 1983 taxes are dischargeable and that the 1986 and 1987 taxes are nondischargeable.[1]

## I. FINDINGS OF FACT

### A. Procedural background

The debtor filed for protection under Chapter 7 of the Bankruptcy Code on December 13, 1995. The debtor's discharge was granted on April 1, 1996. A final decree closing the case was entered on April 23, 1996.

On September 20, 1996, the debtor filed the pending complaint to determine the dischargeability of tax debts claimed by the Louisiana Department of Revenue and Taxation ("Department").

On October 10, 1996, the debtor filed Adversary Proceeding No. 96–1187, seeking to determine the dischargeability of alleged tax debts owed to the Internal Revenue Service ("IRS"). (Ex. P–9). On January 28, 1997, a consent judgment was entered discharging the debtor's federal tax debts for the tax years 1981 through 1988. (Ex. P–11).

### B. The Louisiana taxes

The Department assessed the debtor for Louisiana income taxes on the following dates:

The taxes due for tax year 1983 were formally assessed on August 25, 1989.

The taxes due for tax year 1986 were formally assessed on April 22, 1988.

The taxes due for tax year 1987 were formally assessed on September 10, 1990.

(Pa. 9, Joint Pre–Trial Order at 1).

In their proof of claim, the Department claims the debtor owes taxes as follows:

| | Tax | Interest | Penalty | Total |
|---|---|---|---|---|
| 1983 | 1,015.00 | 1,762.90 | 265.75 | $3,043.65 |
| 1986 | 385.00 | 495.54 | 96.25 | 976.79 |
| 1987 | 108.00 | 122.78 | 27.00 | 257.78 |
| | | | | $4,278.22 |

(Ex. P–12).

The debtor testified that he was sure that he had filed tax returns for the three years in question, although he had no copies of the returns.

Joyce Amedee, a revenue audit supervisor and employee of the Department for 27½ years, testified that she was responsible for the proposed assessment of taxes made to the debtor for 1983. (Ex. P–3). She stated that the proposed assessment was based on information received from the IRS through a Revenue Agent Report. The proposed assessment indicated that the debtor owed $2,069.58 in taxes. (*Id.*)

---

1. This memorandum opinion constitutes the court's findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052. The court has jurisdiction over the matter under 28 U.S.C. § 1334. The matter is a core proceeding under 28 U.S.C. § 157(b)(2).

The following language was printed on the bottom of the 1983 proposed assessment:

> In accordance with Louisiana Law R.S. 47:1562, this department proposes to assess you for the tax shown above. The adjustments made to your return are based on the adjustments made to your federal return by the Internal Revenue Service. The Internal Revenue Service furnished to the State of Louisiana information obtained in an audit of your federal return under specific authorization of Section 6103 of the Internal Revenue Code.
>
> Inquiries should be directed to the office audit section, income and corporation franchise taxes division.

(Ex. P–3).

Ms. Amedee stated that the Department's records showed that the debtor did not file a 1983 income tax return, and that the above language printed on the 1983 proposed assessment was standard language used for all taxpayers. She testified that the standard language in the 1983 proposed assessment ("the adjustments made to your return") was wrong in this case because the Department's records indicate that the debtor did not file a 1983 income tax return.

Ms. Amedee stated that the formal assessment for 1983 taxes (Ex. P–4) was mailed to the debtor by registered mail, and that she was sure a registered mail receipt existed, although she did not have it. She further testified that it is the Department's procedure to mail all formal assessments by registered mail.

Ms. Donna Perkins, employed by the Department for 20 years, is presently a revenue audit supervisor over the bankruptcy section and the collection division. She is the custodian for the bankruptcy files. She testified that the value of the Department's proof of claim was determined by reviewing the debtors account and determining outstanding and potential liabilities. She stated that she did not review the debtor's account to determine whether the notice of assessments had been mailed to the debtor by registered mail.

The debtor requested that the Department produce copies of his tax returns, all documents showing when the taxes were as-sessed, and the basis for the assessment. *See* EX. P–1. The Department was not able to produce the tax returns, the registered mail receipts, or the documents referred to in the 1983 proposed assessment that referred to information received by the Internal Revenue Service. *See* Ex. P–2. All of the documents that the Department did produce, consisting of the proposed assessments and assessments for 1983, 1986, and 1987, were introduced into evidence. (Exs. P–3 through P–8).

The Department's responses to the debtors interrogatories state that "[t]he records of [the Department] reflect that the Debtor has not filed individual income tax returns for the periods 1983, 1986, and 1987." (Ex. P–2 at ¶ 2).

## II.  CONCLUSIONS OF LAW

### A.  Burden of Proof

██ The creditor seeking to establish that a debt is nondischargeable bears the burden of proof under 11 U.S.C. § 523 by a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Consequently, the Department bears the burden of proving that the debt falls within one of the exceptions to dischargeability of a debt set forth in Section 523.

### B.  Applicable Bankruptcy Code Sections

Section 523(a)(1) provides in relevant part:

> (a) A discharge under section 727, . . . of this title does not discharge an individual debtor from any debt—
>
>> (1) for a tax or a customs duty—
>>
>>> (A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed;
>>>
>>> (B) with respect to which a return, if required—
>>>
>>>> (i) was not filed

11 U.S.C. § 523(a)(1).

Section 507(a)(8) defines taxes to include the following:

(8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for—

(A) a tax on or measured by income or gross receipts—

(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition.

11 U.S.C. § 507(a)(8)(A)(i).

### C. *Arguments of the Parties*

The Department claims that the debtor's taxes are nondischargeable under Section 523(a)(1).[2] The Department asserts it properly assessed the debtor's taxes for 1983, 1986, and 1987 which suspended prescription on the taxes under applicable Louisiana law. Presumably, the Department argues that the taxes are nondischargeable under Section 523(a)(1)(A) because due to the suspension of the prescriptive period, the taxes fall within the category "last due after three years before the date of filing" language of Section 507(a)(8)(A)(i). The Department's apparent argument under Section 523(a)(1)(B)(i) is that the taxes are nondischargeable because the tax returns were not filed.

The debtor argues that the Department failed to prove the debtor was "required" to file state income tax returns for the applicable tax years as required by Section 523(a)(1)(B).

### D. *Issues*

The issue of law to be determined is whether the debtor was "required" to file state income tax returns for the years 1983, 1986, and 1987. The factual issue is whether the debtor filed income tax returns.

### E. *Analysis*

#### 1. *1983 Taxes*

The Department claims that it properly assessed the debtor's taxes in accordance with Title 47 of the Louisiana Revised Statutes, and that prescription was therefore suspended under La.R.S. 47:1580.

A brief explanation of the Louisiana tax assessment and collection scheme is required. The tax collector may enforce the collection of taxes due by any of three alternative remedies:

(1) Assessment and distraint, as provided in R.S. 47:1562 through 47:1573.

(2) Summary court proceeding, as provided in R.S. 47:1574.

(3) Ordinary suit under the provisions of the general laws regulating actions for the enforcement of obligations.

LA. REV. STAT. ANN. § 47:1561 (West 1990).

Under an assessment and distraint, the collector audits or investigates the failure to file or the inaccurate filing. LA. REV. STAT. ANN. § 47:1562 (West 1990). The statute further provides that "[h]aving determined the amount of tax, penalty and interest due, the collector shall send by mail a notice to the taxpayer ... setting out his determination and informing the person of his purpose to assess the amount so determined against him after fifteen calendar days from the date of the notice." *Id.* This notice may be referred to as the notice of intent.

After fifteen days from the mailing of the notice of intent, the collector is required to assess the tax determined to be due. LA. REV. STAT. ANN. § 47:1564 (West 1990). This is referred to as the formal assessment.

Section 1565 of the Revised Statutes, providing for notice of assessment, states in pertinent part:

A. Having assessed the amount determined to be due, the secretary shall send a notice by registered mail to the taxpayer against whom the assessment is imposed at the address given in the last report filed by said taxpayer, or if no report has been filed to any address obtainable. This notice shall inform the taxpayer of the assessment and that he has sixty calendar days form the date of the notice to either

---

**2.** It is unclear under which subsection of Section 523(a)(1) that the Department claims the debtor's taxes are nondischargeable. On page 1 of its brief, the Department claims the taxes are non-

dischargeable under Section 523(a)(1)(A). On unnumbered page 7 of its brief, the Department claims the taxes are nondischargeable under Section 523(a)(1)(B)(i).

pay the amount of the assessment or to appeal to the Board of Tax Appeals for a redetermination of the assessment. All such appeals shall be made in accordance with the provisions of Chapter 17, Subtitle II of this Title.

B. If the taxpayer has not filed an appeal with the Board of Tax Appeals within the sixty day period, the assessment shall be final and shall be collectible by distraint and sale as hereinafter provided....

LA. REV. STAT. ANN. § 47:1565(A) (West 1990).

The Louisiana Constitution provides for the interruption or suspension of taxes as follows:

Taxes, except real property taxes, and licenses shall prescribe in three years after the thirty-first day of December in the year in which they are due, but prescription may be interrupted or suspended as provided by law.

LA. CONST. Art. 7, § 16 (West 1996).

Among the ways of suspending the prescription of state income taxes is "[t]he secretary's action in assessing any such amounts in the manner provided by law." LA. REV. STAT. ANN. § 47:1580(A)(1) (West 1990).

■ Under the present facts the debtor cannot be held responsible for his 1983 taxes based on the Department's own argument. Under the Louisiana Constitution, the prescriptive period for the 1983 taxes would have run on December 31, 1987. *See* LA. CONST. Art. 7, § 16. The assessment occurred on August 25, 1989, after the prescriptive period had tolled. Therefore, there is no argument that would allow the 1983 taxes to be nondischargeable under the Bankruptcy Code.

### 2. *1986 and 1987 Taxes*

The Department makes the same argument as to suspension of prescription on the 1986 and 1987 taxes, claiming that it properly assessed the debtor's taxes in accordance with Title 47, and that prescription was therefore suspended in accordance with La. R.S. 47:1580. The debtor contends that the assessment was not proper because the Department did not show it mailed the assessments by registered mail, as is required by La.R.S. 47:1565(A).

[4] The Department argues in response that it is the issuance of the tax assessment, not the receipt of the tax assessment that suspends the running of prescription. The Department cites the cases of *Louisiana Pacific Corp. v. Secretary of Dept. of Revenue and Taxation*, 391 So.2d 35, 36 (La.App. 3rd Cir.1980) and *Bunge Corp. v. Secretary of Dept. of Revenue and Taxation*, 414 So.2d 867 (La.App. 4th Cir.1982) in support of this proposition. In *Louisiana Pacific*, the Department mailed a notice of intent to assess income taxes for the years 1973 and 1974 to the taxpayer on October 14, 1977. On December 30, 1977, a formal assessment against the taxpayer was issued pursuant to La.R.S. 47:1564. Notice of the assessment was mailed to the taxpayer on January 4, 1978 as provided by La.R.S. 47:1565. The Third Circuit held that prescription running against the state income tax was interrupted when the Department formally assessed the taxpayer pursuant to La.R.S. 47:1564. Therefore, because the assessment occurred within the three year prescriptive period, payment on the taxes was suspended. The court reasoned that the taxpayer was not prejudiced by receipt of the notice under La.R.S. 47:1565 after the three years had run because the taxpayer had 30 days from the date of the notice within which to pay the assessment or to appeal to the Board of Tax Appeals. The Fourth Circuit followed *Louisiana Pacific* in the *Bunge* decision under similar facts.

■ Based on the *Louisiana Pacific* and *Bunge* cases, the court finds that the 1986 and 1987 taxes were suspended because under La.R.S. 47:1565 it is the assessment itself, and not the receipt of the assessment that suspends the running of prescription.

Furthermore, even assuming that the debtor is correct, and that the Department must prove the assessments were sent by registered mail, Ms. Amedee testified that it is the Department's procedure to mail all formal assessments by registered mail. Even though the Department did not introduce the registered mail receipts showing

that the assessments had been sent by registered mail, the court finds the testimony of Ms. Amedee to be credible. Consequently, the court finds that the Department did comply with the requirements of La. R.S. 47:1565, and that the prescriptive period on the 1986 and 1987 taxes was suspended. As a result, the taxes are nondischargeable under Section 523(a)(1)(B).

3. *The debtor's "requirement" to file taxes*

The debtor submits that the Department failed to introduce any evidence showing that the debtor was "required" to file a tax return under La. R.S. 47:101. In this regard, the debtor submits that the mere fact that an individual has filed a Louisiana income tax return does not mean as a matter of law that the individual was "required" to file one under La.R.S. 47:101, and that it is just as likely that the individual filed a return to obtain a refund of state income tax withholdings.

Section 47:101 of the Louisiana Revised Statutes sets forth the requirements for filing state income tax returns. The requirements include an amount of "gross income" or "tax table income", above which income tax returns are required. LA. REV. STAT. ANN. § 47:101A(*l*) (West 1990).

 The court disagrees with the debtor's argument. Although it is true that the Department did not introduce any evidence tending to show that the debtor met the income requirements of La.R.S. 47:101, it is uncontested by the parties that the Department formally assessed the debtor for taxes due on the dates set forth above. The Louisiana tax system provides that upon the issuance of a formal assessment, the debtor may either pay the assessment or appeal to the Board of Tax Appeals for a redetermination of the assessment. La.R.S. 47:1565(A). Because the debtor did neither of these options, it is untimely for the debtor to now argue that returns were not required at all.

Judgment will be entered in accordance with this opinion.

### *JUDGMENT*

For the reasons assigned in the foregoing memorandum opinion issued this date, accordingly,

**IT IS ORDERED, ADJUDGED, AND DECREED** that judgment be and it hereby is entered in favor of the debtor, Tracy Humble, and against the defendant, Louisiana Department of Revenue and Taxation, with respect to the debtor's 1983 tax liability owed to the State of Louisiana, and that the debtor's 1983 taxes are **DISCHARGEABLE** under 11 U.S.C. § 523.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that judgment be and it hereby is entered in favor of the defendant, Louisiana Department of Revenue and Taxation, and against the debtor, Tracy Humble, with respect to the debtor's 1986 and 1987 tax liabilities, and that the debtor's 1986 tax liabilities in the amount of $976.79 and the 1987 tax liabilities in the amount of $257.78, plus interest at the legal rate, are **NONDISCHARGEABLE.**